UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDRELL WESLEY,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.

Case No. 24-CV-1033-JPS

**ORDER**

  On August 14, 2024, Petitioner Andrell Wesley ("Petitioner") moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. The Court will now screen Petitioner's motion.

**1. BACKGROUND**

  Petitioner's § 2255 motion arises from his criminal proceedings before this Court in *United States v. Andrell Wesley*, 21-CR-51-3-JPS (E.D. Wis.).[1] In March 2021, Petitioner was indicted on five counts—Conspiracy to Distribute and Possess with Intent to Distribute 40 Grams or More of Fentanyl (Count One), Conspiracy to Commit an Offense Against United States (Count Two), Possession with Intent to Distribute Fentanyl (Count Eight), Possession of a Machinegun in Furtherance of a Drug Trafficking Offense (Count Nine), and Being a Felon in Possession of a Firearm (Count Eleven). CR-ECF No. 21; CR-ECF No. 187 at 4. He pleaded guilty to Counts One and Nine. CR-ECF No. 175.

  On July 28, 2023, the Court sentenced Petitioner to a total term of imprisonment of 144 months. CR-ECF No. 191 at 2. Petitioner did not

---

[1]Docket references thereto will be cited as CR-ECF.

appeal his conviction and sentence. On May 22, 2024, Petitioner filed a letter "requesting a copy of [his] discovery so [he] can work on his appeal," and explaining that he was "sentenced July 28[, 2023] and still [hadn't] heard anything." CR-ECF No. 210. The Court issued an order responding to the letter, in which it explained to Petitioner that he did not file a direct appeal and that the time to do so had expired. CR-ECF No. 211 at 1 (citing Fed. R. App. 4(b)(1)(A)(i)). The Court also noted that "to the extent that [Petitioner] instructed his attorney at sentencing to file an appeal on his behalf but his attorney did not do so, [Petitioner] is still able to timely raise that claim collaterally under 28 U.S.C. § 2255." *Id.* (citing *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994)). Petitioner now moves for the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 1.

2.  **SCREENING**

The Court must now screen Petitioner's motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases. At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. The Court accepts as true a petitioner's well-pleaded factual allegations but not any legal conclusions. *See Gibson v. Puckett*, 82 F. Supp. 2d 992, 993 (E.D. Wis. 2000). The Court ordinarily analyzes preliminary procedural obstacles, such as whether the petitioner has complied with the statute of limitations, avoided procedural default, and set forth cognizable claims. If those issues do not

preclude a merits review of the claims, the Court directs the Government to respond to the motion.

### 2.1 Timeliness

The Court begins by addressing the timeliness of Petitioner's motion. Section 2255(f) provides a one-year period in which to file a motion. 28 U.S.C. § 2255(f). That period typically runs from the date on which the judgment of conviction becomes final. *Id.* "If a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires." *Juarez v. United States*, No. 18-3309, 2022 WL 799066, at *2 (C.D. Ill. Mar. 15, 2022) (citing *United States v. Clay*, 537 U.S. 522, 524–25, 532 (2003)).

Petitioner's judgment of conviction was entered on July 28, 2023. CR-ECF No. 191. Under Federal Rule of Appellate Procedure 4(b)(1)(A), Petitioner had fourteen days thereafter, or until August 11, 2023, to file his notice of appeal. Fed. R. App. P. 4(b)(1)(A). Thus, for purposes of § 2255(f), his judgment of conviction became final on August 11, 2023.

The Court received Petitioner's motion on August 14, 2024. ECF No. 1. With the motion, Petitioner filed a "Certificate of Inmate Mailing" stating that he "declare[d] under penalty of perjury that [he] placed th[e] motion . . . in the prison/institutional/jail mailing system with a prepaid, first-class postage on July 26, 2024." ECF No. 1-2. "Under the prison mailbox rule," which applies to § 2255 motions, "a pro se prisoner document is deemed 'filed' when the prisoner delivers it to a prison official for mailing to the court." *United States v. Buchanan*, No. 1:18-CR-21-HAB, 2022 WL 1320416, at *1 (N.D. Ind. May 3, 2022) (citing *Houston v. Lack*, 487 U.S. 266, 275–76 (1988)). Petitioner's declaration, which "identif[ies] the who, what, when, where, how, and why of his alleged delivery to a prison official," complies with the prison mailbox rule. *Ray v. Clements*, 700 F.3d 993, 1011 (7th Cir.

Page 3 of 9
Case 2:24-cv-01033-JPS    Filed 09/13/24    Page 3 of 9    Document 2

2012). Thus, the Court is satisfied for purposes of screening that Petitioner's motion is timely.

### 2.2 Procedural Default and Cognizable Claims

The Court next considers whether Petitioner's claims suffer from procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) (citing *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996)). Therefore, any claims that a petitioner did not properly raise at trial or on direct appeal, but which he "could have . . . raised at trial or on direct appeal," are typically procedurally defaulted, and he cannot raise them. *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) (citing *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009)); *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008). Claims of ineffective assistance of counsel, however, may be raised for the first time in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

A liberal review of Petitioner's motion reveals four asserted grounds for relief. First, Petitioner argues that three different lawyers who represented him during the pretrial phase of his criminal case and at sentencing were constitutionally ineffective. ECF No. 1 at 6. He contends that Attorney Thomas Erickson ("Attorney Erickson") gave him bad advice regarding plea negotiations and signing a plea agreement. *Id.* Attorney Erickson also did not object to Petitioner's criminal history score and told

Page 4 of 9
Case 2:24-cv-01033-JPS   Filed 09/13/24   Page 4 of 9   Document 2

Petitioner that he could pursue a Federal Rule of Criminal Procedure 35 motion after sentencing instead of an appeal. *Id.* at 7 ("[Attorney Erickson] told me I can't file an appeal and pursue a Rule 35 at the same time."). He asserts that Attorneys Thomas Hayes and Jeffrey Jensen failed to file pretrial motions to suppress evidence and attack informants' credibility and reliability. *Id.* at 7.

Second, Petitioner argues that his 18 U.S.C. § 924(c) conviction—the conviction under Count Nine—was illegal because the machinegun recovered from his apartment was not in his proximity, his DNA and fingerprints were not on the machinegun, and he had no knowledge that a machinegun was present. *Id.*

Third, Petitioner contends that there was no probable cause for the search warrant that was executed for a search of his apartment and that the search warrant was executed illegally. *Id.* at 8. He argues that the police failed to knock and announce their presence before entering the apartment, and that officers relied on an "unproven, unreliable first time informant with no positive history of past co[o]peration and no corroboration from police officers." *Id.* The affiant also "included false information regarding identification" of Petitioner. *Id.*

Fourth, Petitioner argues that *Garland v. Cargill*, 602 U.S. 406 (2024), which holds that "attachments on firearms [do] not turn semiautomatic firearms into fully automatic," applies to him and his § 924(c) conviction under Count Nine. *Id.*

Because Petitioner did not file a direct appeal, his second and third grounds are procedurally defaulted and must be dismissed. *See Torzala*, 545 F.3d at 522. His first ground may proceed, however, because ineffective

Page 5 of 9
Case 2:24-cv-01033-JPS     Filed 09/13/24     Page 5 of 9     Document 2

assistance of counsel claims may be raised for the first time in a § 2255 motion. *See Massaro*, 538 U.S. at 504.

With respect to Petitioner's fourth ground, given that *Cargill* was decided after Petitioner's time to appeal had expired, the ground "could [not] have been raised . . . on direct appeal." *McCoy*, 815 F.3d at 295 (citing *Sandoval*, 574 F.3d at 850). The Supreme Court articulates three circumstances in which such a claim may be raised for the first time in a § 2255 motion, which is essentially a form of analyzing cause and prejudice to excuse the procedural default. *Id.* (citing *Reed v. Ross*, 486 U.S. 1 (1984)). Those circumstances are

> (1) the obvious case where a Supreme Court decision explicitly overrules prior precedent; (2) where a decision overturns longstanding and widespread practice to which the Supreme Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved, a claim based on that decision would not have been reasonably available before then; and (3) a claim may not have been reasonably available at earlier stages of the litigation if based on a new decision disapproving of a practice which the Supreme Court had previously sanctioned.

*Id.* (citing *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995)). The Court is skeptical as to whether *Cargill* falls within these circumstances—or whether it applies, as Petitioner asserts, to the § 924(c) charge—but the Court declines to make those determinations without a response from the Government. At the screening stage, the Court is satisfied that Petitioner's fourth ground can proceed on this basis.

Thus, based on the motion as currently written, the Court has determined that only Petitioner's first and fourth grounds may proceed to merits briefing, while his second and third grounds are subject to dismissal.

Page 6 of 9
Case 2:24-cv-01033-JPS    Filed 09/13/24    Page 6 of 9    Document 2

However, given the Court's obligation to construe the motion liberally and the prior filings in Petitioner's criminal case—namely his assertion in May 2024 that he thought he had an appeal proceeding—the Court wishes to clarify the scope of Petitioner's grounds. *See supra* Section 1 (discussing CR-ECF No. 210). Petitioner's motion raises, as part of the ineffective assistance of counsel claim in the first ground, that Attorney Erickson told him that he could not file an appeal. ECF No. 1 at 7. As the Court previously told Petitioner, if he wishes to proceed on a ground that he asked Attorney Erickson to file an appeal but Attorney Erickson did not do so—in addition to the grounds he specifically enumerates—and succeeds, his remedy would be "the right to an appellate proceeding, as if on direct appeal, with the assistance of counsel." CR-ECF No. 211 at 2 (quoting *Castellanos*, 26 F.3d at 720).

Thus, the Court will allow Petitioner an opportunity to amend his motion to clarify the scope of his first ground (or add a new ground formally addressing this issue); namely, whether he wishes to pursue a claim that he asked Attorney Erickson to file an appeal, but Attorney Erickson did not do so. He must plead any such claim with particularity and under penalty of perjury, and he must include all pertinent facts supporting the claim. *See, e.g.*, *Kafo v. United States*, 467 F.3d 1063 (7th Cir. 2006); *Reed v. United States*, No. 08-CV-106, 2010 WL 4684009, at *3–4 (S.D. Ill. Nov. 10, 2010). In other words, if Petitioner wishes to pursue this claim, his current allegation that Attorney Erickson merely told him he can't appeal is insufficient to do so. The Court requires additional detail including, for example, whether Petitioner asked to appeal, and when and where this conversation occurred.

Any amended motion supersedes and replaces the current motion, and so if Petitioner files an amended motion to formally pursue this basis for relief, he should *also* reassert the bases for relief set forth in grounds one and four.[2] The Court will then screen the amended motion under Rule 4 of the Rules Governing Section 2255 Cases and set a merits briefing schedule accordingly.

If Petitioner does not file an amended motion by the below stated deadline, the Court will treat his current motion as the operative motion, and it will enter an order (1) dismissing the second and third grounds (which are procedurally defaulted), and (2) setting a merits briefing schedule on the remaining first and fourth grounds, neither of which the Court finds frivolous or non-cognizable at this juncture.

3. **CONCLUSION**

In light of the foregoing, the Court will allow Petitioner an opportunity to file an amended motion. Petitioner's amended motion will be due on or before **October 15, 2024**. If Petitioner does not file an amended motion by this date, the Court will treat his current motion as the operative motion, and it will enter an order (1) dismissing the second and third grounds (which are procedurally defaulted), and (2) setting a merits briefing schedule on the remaining first and fourth grounds.

Accordingly,

**IT IS ORDERED** that Petitioner Andrell Wesley may file an amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on or before **October 15, 2024**.

---

[2]"Like an amended complaint, an amended § 2255 motion supplants the original, leaving only the grounds asserted in the amended motion pending." *United States v. Reeves*, No. 14-CV-1588, 2022 WL 1085198, at *4 (N.D. Ill. Apr. 11, 2022).

Dated at Milwaukee, Wisconsin, this 13th day of September, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Petitioners who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Petitioners who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Petitioner is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PETITIONER FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.